# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| MELISSA SVENDSEN, | ) | |
| Plaintiff, | ) | No. 3:10-cv-0920 |
| v. | ) | Judge Sharp |
| WAL-MART STORES EAST, LP, | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is *Plaintiff's Motion for Review by the Court of Defendant Wal-Mart's Award of Costs against Plaintiff Melissa Svendsen* (Docket Entry No. 101),[1] to which Defendant, Wal-Mart Stores East, LP, filed a response in opposition (Docket Entry No. 102). The Court has reviewed all the papers filed in support of, and in opposition to, Plaintiff's motion. For the reasons discussed herein, Plaintiff's motion will be granted, and Defendant's Bill of Costs (Docket Entry No. 95) will be denied.

## I. RELEVANT PROCEDURAL HISTORY

Defendant, having prevailed at trial and having judgment entered in its favor, submitted a Bill of Costs on June 6, 2013, in the amount of $12,314.36. (Docket Entry No. 95). Plaintiff objected to the award of costs, claiming that (1) her indigence should preclude an award of costs to Defendant; (2) she filed and prosecuted her case in good faith; (3) equitable considerations supported a denial of costs; and (4) Defendant's Bill of Costs included costs that were not recoverable. (Docket Entry No. 96). On June 26, 2013, the Clerk of Court entered the Final Taxation of Costs in the amount of $12,274.36, wherein he noted that he is "without authority to

---

[1] Pursuant to the Court's Orders, Plaintiff also filed affidavits in support of her motion. *See* (Docket Entry Nos. 104 and 107).

1

address Plaintiff's first three objections." (Docket Entry No. 100 at 1).[2] The Clerk further stated that he "finds nothing unreasonable about Defendant's submitted costs," and ultimately reduced the costs by $40.00 for an "attendance fee of Dr. Aziz." (*Id.* at 2-3).

## II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Permissible taxable costs include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The award of costs is initially the responsibility of the Clerk, but the Clerk's Order is reviewable by the Court. *Reed v. Cracker Barrel Old Country Store, Inc.,* 171 F. Supp. 2d 751, 755 (M.D. Tenn. 2001). The Court conducts its review de novo. *Id.*

Plaintiff objects to Defendant's Bill of Costs because "(1) [s]he is indigent and unable to pay the costs sought by the defendant; (2) she filed and prosecuted her case in good faith; (3)

---

[2] On June 7, 2013, the Clerk entered a Notice of Taxation of Costs, stating "[o]n the basis of [Plaintiff's objections], the Clerk will not tax costs without further justification from Defendant." (Docket Entry No. 97). A *Taxation of Costs* followed suit allowing the parties seven days to file any exceptions to the Clerk's ruling. (Docket Entry No. 98). *Defendant's Exception to Clerk's Taxation of Costs* was filed on June 25, 2013, along with a supporting affidavit of G. Andrew Rowlett. (Docket Entry Nos. 99 and 99-1).

2

equitable considerations supported a denial of costs; and (4) the costs were not properly taxable under 28 USC § 1920." (Docket Entry No. 101 at 2). The Court is unpersuaded by the last argument, and finds that Plaintiff's specific cost objections are without merit. Defendant's response to each objection sufficiently identifies why the expenditures were necessary.

The Court does find, however, that this case was brought in good faith (and Defendant does not dispute this fact), and that Plaintiff does not have the ability to pay costs. The Sixth Circuit has identified several factors losing parties may present to overcome the presumption in favor of a cost award: "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F. 2d 728, 730 (6th Cir. 1986). Moreover, "[a]lthough the ability of the winning party to pay his own costs is irrelevant, *id.* at 730, another factor weighing in favor of denying costs is the indigency of the losing party." *Id.* (citing *Jones v. Cont'l Corp.*, 789 F. 2d 1125, 1233 (6th Cir. 1986)).

Plaintiff has provided detailed financial information by way of two (2) affidavits, which permits the Court to evaluate the extent of her asserted indigency. Thus, based on the information before it, the Court finds that Plaintiff does not have the capacity to pay the costs taxed against her, and her indigency is sufficient to override the presumption of taxing costs against her.

Plaintiff is not presently employed and has "not worked or earned any income" since approximately October 2009. (Docket Entry No. 107, Svendsen Aff. 2 at ¶1). She owes approximately Fourteen Thousand Dollars ($14,000.00) in student loans and Fifteen Thousand Dollars ($15,000.00) in credit card debt. (*Id*. at ¶4). As of May 2014, Plaintiff has a total combined amount of Four Hundred Sixty Dollars ($460.00) in her checking and savings

accounts. (*Id*. at ¶10). Furthermore, Plaintiff's "financial situation is such that [she] cannot even pay the debts [she] currently [has]." (*Id*. at ¶14).[3]

Defendant does not challenge Plaintiff's indigency. Rather, it asks the Court to not consider the "parties' ability to pay" when calculating costs in this case. (Docket Entry No. 102 at 2). Defendant argues that the law is unclear when deciding whether "the ability to pay must be considered when assessing costs." (*Id.*).

Contrary to Defendant's contention, a number of Sixth Circuit cases confirm that a district court does not err in considering the losing party's ability to pay its opponent's costs in deciding whether to shift costs. *See, Jones v. Kolb*, 84 Fed. Appx. 560, 561 (6th Cir. 2003); *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989); *see also*, *Anderdson v. Jo-Ann Stores, Inc.*, 2011 WL 36038560 at *2 (M.D. Tenn. Aug. 15, 2011) ("the district court may consider the capacity of the indigent litigant to pay costs"). Thus, "[a]lthough the ability of the winning party to pay his own costs is irrelevant, . . . another factor weighing in favor of denying costs is the indigency of the losing party." *Singleton*, 241 F.3d at 539 (citation omitted); *see also*, *Cain v. Montgomery Cnty*, 2013 WL 67677 at *1 (M.D. Tenn. Feb. 25, 2013) (citation omitted) ("'courts in the Sixth Circuit may not consider the size of the prevailing party's recovery or the ability of the prevailing party to pay his own costs,'" but "[i]f a losing party is indigent, however, a court may properly consider that.").

"The burden is on the losing party to show that she is unable, as a practical matter and as a matter of equity, to pay the defendant's costs." *Tuggles v. Leroy-Somer, Inc.*, 328 F.Supp.2d 840, 845 (W.D. Tenn. 2004) citing, *Weaver v. Toombs*, 948 F.2d 1004, 1014 (6th Cir. 1991).

---

[3] In further support, Plaintiff stated the following: "Even with my Husband's earnings our family does little more than maintain our existing debt. Neither I, nor my husband (who has never been a party to this action) would be able to pay the costs that Wal-Mart seeks to recover from me. We have discussed bankruptcy in the past but have deliberately avoided it hoping to pay what we owe. A judgment in the amount sought would give me little choice other than to pursue that option." (*Id.*).

"To invoke the inability to pay factor, a party must demonstrate not merely that payment would be a burden, but that she is indigent." *Id*.  In this case, Plaintiff has met that burden. Therefore, her objection to the taxation on this basis is well-taken.

### III. CONCLUSION

Under all the circumstances of this case, the Court finds that it would be inequitable to award costs to Defendant, and, therefore, exercises its discretion by denying Defendant's Bill of Costs (Docket Entry No. 95).  Furthermore, Plaintiff's *Motion for Review by the Court of Defendant Wal-Mart's Award of Costs against Plaintiff Melissa Svendsen* is hereby granted.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE